UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-100-TAV-DCP |
| | ) | |
| ALVIN D. BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENT AL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on March 11, 2024, for a motion hearing on the Defendant's Motion to Refer Defendant to a Proper Facility for a Mental Health Evaluation [Doc. 24, SEALED],[1] filed on March 8, 2024. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Attorney Michael T. Cabage represented Defendant Alvin Barnes, who was also present.

Defendant asks the Court to enter an Order referring Defendant for a mental health evaluation to assure that he is competent to stand trial [Doc. 24 p. 1, SEALED]. In the motion and

---

[1] The Court permitted Defendant to file this motion under seal, because it contains information on Defendant's mental health [Doc. 23]. However, the March 11 hearing on the motion was not sealed. The undersigned files this Commitment Order publicly, although the Court will not refer to the specific details mentioned in the sealed motion. Counsel for Defendant Barnes is **DIRECTED** to provide the evaluating mental health provider with a copy of the sealed motion [Doc. 24], a copy of the sealed exhibit submitted at the hearing [Doc. 25-1, SEALED], and copies of any of Defendant's mental health records in counsel's possession.

at the March 11 hearing, Mr. Cabage stated that medical staff at the Blount County jail have diagnosed Defendant with dementia [Doc. 25-1, SEALED].[2] In light of this diagnosis, Mr. Cabage is uncertain as to whether Defendant is competent to make knowing and informed decisions about his case [*Id.*]. Without this assurance, Mr. Cabage stated he is prevented from moving forward with any potential plea negotiations or trial preparation and therefore was prompted to file the sealed motion.

AUSA Jones stated that the Government believes a competency evaluation is appropriate and therefore does not oppose the requested relief.

Based upon the information in the sealed motion and presented at the hearing, the Court finds that reasonable cause exists to believe that Defendant Barnes may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Further, the Court concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a)-(b). Accordingly, Defendant's Motion to Refer Defendant to a Proper Facility for a Mental Health Evaluation [**Doc. 24**, SEALED] is **GRANTED**.

It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b), and 4247(c), of the United States Code, as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, Defendant shall be transported by the United States Marshals Service to such facility.

---

[2] Mr. Cabage entered a portion of Defendant's medical record as a sealed exhibit to the hearing [Doc. 25-1, SEALED].

2

Case 3:23-cr-00100-TAV-DCP   Document 26   Filed 03/12/24   Page 2 of 4   PageID #: 65

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

    (a) Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis; and

    (e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THRITY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, whichever is sooner, or any reasonable extension of that period.

(8) A competency hearing and/or status conference is set for **May 21, 2024, at 2:00 p.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the marshals shall bring him to the **May 21, 2024** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the **May 21, 2024** trial date is removed, to be reset when Defendant is deemed competent to stand trial. The Court observes that all time during which the Defendant is undergoing a mental examination, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) Counsel for Defendant Barnes is **DIRECTED** to provide the evaluating mental health provider with a copy of the sealed motion [Doc. 24], a copy of the sealed exhibit submitted at the March 8 hearing [Doc. 25-1, SEALED], and copies of any of Defendant's mental health records in counsel's possession.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

4